sUNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Patrick Randell McIntosh,　　　　　　　　　　　　Case No. 23-cv-1856 (NEB/LIB)

　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　**REPORT AND RECOMMENDATION**

Warden Jared Rardin, et al.,

　　　　　　Defendants.

　　　　Pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636, this matter comes before the undersigned United States Magistrate Judge upon Defendants' Motion to Dismiss. [Docket No. 11]. The Court took the Defendants' Motion under advisement on the written submissions of the parties.

　　　　For the reasons discussed herein, the Court recommends that Defendants' Motion to Dismiss, [Docket No. 11], be **GRANTED in part** and **DENIED in part**, as set forth herein, and the present action be **DISMISSED without prejudice as moot**.

**I.　　Background**[1]

　　　　Plaintiff initiated the present action on June 20, 2023, by filing his pro se[2] Complaint. [Docket No. 1]. Plaintiff's Complaint identifies three defendants: "Warden Jared Rardin," "Assistant Warden," and "Associate Warden." (Compl. [Docket No. 1]). At the time he initiated

---

[1] The facts contained in this section are taken from Plaintiff's Complaint, [Docket No. 1], as well as, documents and judicial records implicitly referenced in Plaintiff's Complaint and matters of public record. Generally, in evaluating a complaint, materials outside the pleading cannot be considered on a motion to dismiss. See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). However, a Court "may consider the pleadings themselves, exhibits attached to the pleadings, and matters of public record" such as judicial records. See, e.g., Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010) (citing Porous Media Corp., 186 F.3d at 1079); Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003); Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007).

[2] Pro se complaints are construed liberally, but they still must allege sufficient facts to support the claims advanced. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

the present action, Plaintiff, who is civilly committed, was being housed at the Federal Medical Center in Rochester, Minnesota (hereinafter "FMC Rochester"). (See Id.).

According to the allegations in Plaintiff's Complaint, the staff at FMC Rochester informed Plaintiff of limitations on his privileges to contact persons outside the institution. (Id. at 7–9). Specifically, Plaintiff was informed that he had been placed on the "Restricted General Correspondence" list which limited his permitted contacting of others outside the institution to ten individuals on a list of pre-approved contacts. (Id.).

Plaintiff alleges that the staff placed him on the "Restricted General Correspondence" list as retaliation to "curb the political ideological and philosophical nature of [his] general correspondence[.]" (Id. at 8–9). Plaintiff further alleges that this retaliation is a violation of his constitutional rights. (Id.). As relief, Plaintiff seeks an "[i]njunction enjoining" Defendants from restricting Plaintiff's access to persons outside the institution. (See Id. at 5).

Defendants responded to Plaintiff's Complaint by filing a Motion to Dismiss. [Docket No. 11]. In their Motion to Dismiss, Defendants argue that Plaintiff's Complaint should be dismissed because Plaintiff's Complaint fails to state a claim upon which relief may be granted. (See Defs.' Mot. [Docket No. 11]; Defs.' Mem. [Docket No. 12]).

On January 29, 2024, Plaintiff filed a Notice of Change of Address, [Docket No. 25], indicating that he was transferred to the Federal Medical Center in Butner, North Carolina ("FMC Butner"). The Federal Bureau of Prisons' inmate locator confirms that Plaintiff is now housed at FMC Butner. See https://www.bop.gov/inmateloc (searching Plaintiff's inmate number 24876-171) (last visited April 16, 2024).[3]

---

[3] The Court may take proper judicial notice of public documents such as the Bureau of Prisons' Federal Inmate Locator. See, e.g., Alford v. Rardin, No. 22-cv-2525 (JRT/LIB), 2023 WL 4976549, at *2 (D. Minn. July 5, 2023) (collecting cases), report and recommendation adopted, 2023 WL 4974786 (D. Minn. Aug. 3, 2023).

On March 1, 2024, Defendants filed a "Suggestion of Mootness," [Docket No. 27], noting that Plaintiff had been transferred to FMC Butner. In their filing, Defendants suggest that Plaintiff's transfer to FMC Butner has render this action moot.

Although Defendants mailed a copy of their "Suggestion of Mootness" to Plaintiff at FMC Butner Plaintiff has not responded to Defendants' "Suggestion of Mootness."

**II.    Discussion**

Before the Court may consider the underlying merits of the Plaintiff's Complaint, the Court must first ensure that Plaintiff's claim has not become moot since the time he filed his Complaint, [Docket No. 1], with this Court. The issue of mootness must be resolved before the Court reaches the merits of Plaintiff's claim.

Article III of the United States Constitution allows Federal Courts to adjudicate only actual, ongoing cases or controversies. See Am. United for Separation of Church and State v. Prison Fellowship Ministries, 509 F.3d 406, 420–21 (8th Cir. 2007); Powell v. McCormack, 395 U.S. 486, 497 (1969); Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1086 (2011). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate," and "[w]hen an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003) (quotations omitted); see Roberts v. Norris, 415 F.3d 816, 819 (8th Cir. 2005); Arizonans for Official English v. Arizona, 520 U.S. 43, 45 (1997).

The ongoing case-or-controversy requirement is no longer met if an event occurs, during the course of the proceedings, which precludes the Court from granting any meaningful relief to the party who initiated the action. See In re Sec. Life Ins. Co. of Am., 228 F.3d 865, 869–70 (8th Cir. 2000). If it becomes impossible for the Court to provide any further redress for the claims

3

that have been raised, the case must be dismissed as moot. See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). For example, "[o]nce an inmate has been transferred" to a different facility or institution, the inmate's "injunctive relief claims that relate to the conditions of confinement are moot." Laughlin v. Stuart, No. 19-cv-2547 (ECT/TNL), 2022 WL 666738, at *22 (D. Minn. Jan. 21, 2022) (citing Zajrael v. Harmon, 677 F.3d 353, 355 (8th Cir. 2012)), report and recommendation adopted, 2022 WL 658701 (D. Minn. Mar. 4, 2022), aff'd in relevant part, No. 22-1742, 2022 WL 12165755 (8th Cir. Oct. 21, 2022); see, e.g., Beaulieu v. Ludeman, 690 F.3d 1017, 1024 (8th Cir. 2012); Braun v. Stearns Cnty. Jail, No. 23-cv-1413 (KMM/DTS), 2024 WL 816636, at *2 (D. Minn. Jan. 24, 2024), report and recommendation adopted, 2024 WL 811756 (D. Minn. Feb. 27, 2024); Sturdevant v. Brott, No. 19-cv-1068 (ECT/ECW), 2020 WL 1445962, at *2 (D. Minn. Mar. 25, 2020) ("The Eighth Circuit has held repeatedly that a prisoner's claims for declaratory and injunctive relief related to confinement conditions are mooted when he is released or transferred to another facility and is no longer subject to the alleged unlawful conditions.").

As observed above, Plaintiff seeks an Order of this Court precluding staff at FMC Rochester from restricting his communication access to persons outside of FMC Rochester. (See Compl. [Docket No. 1]). However, as also noted above, Plaintiff is no longer confined at FMC Rochester, and thus, he is no longer subject to any of the previous restrictions the staff at FMC Rochester imposed upon Plaintiff's ability to communicated with persons outside of the institution.

Because Plaintiff has been transferred out of FMC Rochester his claim for injunctive relief regarding his conditions of confinement at FMC Rochester is now moot. See, e.g., Laughlin, 2022 WL 666738, at *22; Beaulieu, 690 F.3d at 1024; Braun, 2024 WL 816636, at *2;

4

Sturdevant, 2020 WL 1445962, at *2. Plaintiff's claim for injunctive relief is his sole claim in the present case, and therefore, Plaintiff's entire case is now moot.

Even assuming solely for the sake of argument that this Court found Plaintiff's claim to have merit, there is no longer any meaningful relief which this Court could provide. Plaintiff sought an Order of this Court precluding Defendants from restricting his communications with persons outside FMC Rochester, but Plaintiff is no longer subject to any restriction imposed by Defendants at FMC Rochester because Plaintiff is no longer confined at FMC Rochester. Therefore, there is no longer any live case or controversy for this Court to adjudicate, and on that basis, Plaintiff's sole claim is moot. See, e.g., In re Sec. Life Ins. Co. of Am., 228 F.3d 865, 869–70 (8th Cir. 2000); In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307, 1310 (8th Cir. 1996). Other Courts have reached this same conclusion that a plaintiff's claim for injunctive relief based on a conditions of confinement claim is rendered moot when said plaintiff is transferred to a different facility. See, e.g., Sturdevant, 2020 WL 1445962, at *2; Braun, 2024 WL 816636, at *2; Hari v. Stuart, No. 19-cv-1330 (ECT/TNL), 2020 WL 7249816, at *4 (D. Minn. Aug. 21, 2020), report and recommendation adopted, 2020 WL 6391305 (D. Minn. Nov. 2, 2020); Staples v. Halvorson, No. 18-cv-3449 (DSD/BRT), 2019 WL 2451667, at *2 (D. Minn. May 28, 2019), report and recommendation adopted, 2019 WL 2448768 (D. Minn. June 12, 2019); see also, Zajrael v. Harmon, 677 F.3d 353, 355 (8th Cir. 2012) ("Because Zajrael is no longer subject to the policies that he challenges, there is no live case or controversy."); Mount v. Fikes, No. 21-cv-1489 (NEB/ECW), 2022 WL 4124965, at *2 (D. Minn. May 16, 2022).

Notwithstanding a finding of mootness, a Court may still decide a case on its merits if any exception to the mootness doctrine applies. For example, under the voluntary cessation doctrine, "a defendant cannot automatically moot a case simply by ending its unlawful conduct

once sued." Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (citing City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982)). However, for the voluntary cessation exception to apply there must be a "reasonable expectation that the wrong will be repeated." United States v. W. T. Grant Co., 345 U.S. 629, 633 (1953). Another exception to the mootness doctrine involves cases that are capable of repetition yet evading review, but this exception "applies only in exceptional situations, where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Kingdomware Techs., Inc. v. United States, 579 U.S. 162, 170 (2016) (cleaned up).

None of the exceptions to the mootness doctrine apply to the present case. The voluntary cessation exception does not apply to the present case because the present record lacks any indication that Plaintiff was transferred by Defendants to evade this Court's jurisdiction and because the record lacks any basis upon which the Court could conclude that there exists a reasonable expectation that Plaintiff will again be subject to the allegedly unlawful conditions. See, e.g., Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999). Likewise, the capable of repetition yet evading review exception does not apply because the record now before the Court lacks any indication that Plaintiff will be transferred back to FMC Rochester. See, e.g., Id.; Zajrael v. Harmon, 677 F.3d 353, 355 (8th Cir. 2012). The mere possibility that Plaintiff could be transferred back to FMC Rochester is insufficient to bring his claim into any of the narrow exceptions to the mootness doctrine. See Smith, 190 F.3d at 855; McCarthy v. Ozark Sch. Dist., 359 F.3d 1029, 1036 (8th Cir. 2004) (quoting Van Bergen v. Minnesota, 59 F.3d 1541, 1547 (8th Cir. 1995) ("the party need not show with certainty that the situation will recur, but a mere

physical or theoretical possibility is insufficient to overcome the jurisdictional hurdle of mootness.")); Redowl v. Iowa, No. 22-2478, 2023 WL 3163267, at *1 (8th Cir. May 1, 2023).

In summation, Plaintiff's sole claim is now moot. Furthermore, none of the exceptions to the mootness doctrine are applicable to the present case.

Because Plaintiff's sole claim is now moot, the Court will not consider the merits of his claim or render any opinion on the claim as any "[s]uch opinion would be merely advisory and is not permitted under Article III." Walton v. Holinka, No. 7-cv-2121 (MJD/FLN), 2008 WL 495523, at *1 (D. Minn. Feb. 21, 2008). "[A] federal court has no authority to give opinions upon moot questions or abstract proposition, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Doe v. Nixon, 716 F.3d 1041, 1051 (8th Cir. 2013) (alteration in Doe).

Therefore, the undersigned recommends that Defendants' Motion to Dismiss, [Docket No. 11], be granted in part and denied in part, as set forth herein. To the extent Defendants' Motion to Dismiss seeks the dismissal of Plaintiff's Complaint, the undersigned recommends that Defendants' Motion to Dismiss, [Docket No. 11], be granted; however, the undersigned recommends that the dismissal be without prejudice because Plaintiff's claim has been rendered moot which deprives this Court of the subject matter jurisdiction necessary to adjudicate Plaintiff's claim. See, e.g., Bloodman v. Kimbrell, 604 F. App'x 529 (8th Cir. 2015) (finding that a claim dismissed as moot should have been dismissed without prejudice). To the extent Defendants' Motion seeks an Order of this Court dismissing Plaintiff's Complaint based on a failure to state a claim, the undersigned recommends that the Motion to Dismiss be denied. To the extent Defendants' Motion to Dismiss requests Plaintiff's Complaint be dismissed with prejudice, the undersigned recommends that Defendants' Motion to Dismiss be denied.

### III. Conclusion

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Defendants' Motion to Dismiss, [Docket No. 11], be **GRANTED in part** and **DENIED in part**, as set forth herein; and

2. Plaintiff's Complaint be **DISMISSED without prejudice as moot**.

Dated:  May 3, 2023                                        s/Leo I. Brisbois
                                                          Hon. Leo I. Brisbois
                                                          United States Magistrate Judge

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).